UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PRINCE D. SCOTT,

                              Plaintiff,

              -against-

WESTCHESTER COUNTY; SERGEANT MICHELE
RENE OF THE WESTCHESTER COUNTY
DEPARTMENT OF CORRECTIONS; SERGEANT
MEADE OF THE WESTCHESTER COUNTY
DEPARTMENT OF CORRECTIONS; CORRECTION
OFFICER LARRY VASQUEZ; CORRECTION
OFFICER DWIGHT ALLEN; WESTCHESTER
COUNTY DEPARTMENT OF CORRECTIONS
COMMISSIONER JOSEPH K. SPANO; DEPUTY
COMMISSIONER LEANDRO DIAZ OF THE
WESTCHESTER COUNTY DEPARTMENT OF
CORRECTIONS; ASSISTANT WARDEN OF THE
WESTCHESTER COUNTY DEPARTMENT OF
CORRECTIONS ERIC MIDDLETON; CORRECT
CARE SOLUTIONS, LLC; NURSE PRACTITIONER
BOGUSLAWA USZYNSKI OF CORRECT CARE
SOLUTIONS, LLC,

                              Defendants.
-------------------------------------------------------------X

**ORDER**

18 Civ. 7203 (JCM)

       Plaintiff Prince D. Scott commenced this action pursuant to 42 U.S.C. § 1983, alleging

that Defendants failed to protect him from numerous gang attacks while he was in the custody of

the Westchester Department of Corrections, and denied him adequate medical care for his

resulting injuries. (Docket No. 2).  The Court scheduled Telephone Conferences on October 13,

2021 and November 17, 2021, and Plaintiff, who has been proceeding *pro se* since April 30,

2021, did not appear at either one.  In light of Plaintiff's repeated failures to appear for

conferences scheduled by the Court, Defendants now move to dismiss this action for failure to

prosecute.[1] (Docket Nos. 102, 105).  Plaintiff did not file any opposition to the Defendants'

motions by the Court-set deadline of January 3, 2022.  For the foregoing reasons, Defendants'

motions are granted.

## I.  BACKGROUND

Plaintiff commenced this action on August 8, 2018, while *pro se*. (Docket No. 2).  On

November 21, 2018, Attorney Alexis Padilla entered an appearance on behalf of Plaintiff,

(Docket No. 20), and represented Plaintiff until December 21, 2020, when the Court granted his

motion to withdraw.  Plaintiff was given 120 days to find new counsel, but he was unable to do

so, so he has been proceeding *pro se* since April 30, 2021.

At the September 8, 2021 Telephone Conference, in which the Plaintiff appeared, the

Court granted Defendants' motion to compel Plaintiff to appear for a virtual deposition on

September 24, 2021. (Docket No. 96).  During that Conference, the details of Plaintiff's virtual

deposition were discussed, and Plaintiff informed the Court that he may be released from Orange

County Correctional Facility ("OCCF") the following week.  The Court directed Plaintiff to

update the Court and opposing counsel if he was in fact released with his new address and

contact information so that the deposition could proceed as planned.  The Court also scheduled

another Telephone Conference for October 13, 2021.  On September 30, 2021, counsel for

Defendants informed the Court in writing that they were notified that Plaintiff was released from

OCCF, but Plaintiff's deposition did not proceed as scheduled because Plaintiff failed to provide

counsel with his new contact information. (Docket No. 97).  Upon receipt of this letter, the Court

extended the discovery deadline to October 29, 2021 so that the deposition could be conducted.

(Docket No. 98).

---

[1] This action is before this Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c). (Docket No. 82).

Plaintiff failed to appear at the October 13, 2021 Telephone Conference. The Court issued an Order scheduling another Telephone Conference for November 17, 2021 and warned Plaintiff that his "failure to appear at [the next] conference may result in sanctions, including dismissal of his case for failure to prosecute." (Docket No. 99). Plaintiff again failed to appear at the November 17, 2021 Telephone Conference, and the Court granted Defendants' request to file a motion for failure to prosecute. On December 2 and 3, 2021, Defendants moved to dismiss the case under Rule 41(b) for failure to prosecute. (Docket Nos. 102, 105). Plaintiff has failed to respond.

## II. DISCUSSION

As the Second Circuit has instructed, "Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). When deciding these motions, the Court must weigh the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)) (internal quotation marks omitted). None of these factors is dispositive. *See Hunter v. N.Y.S. Dep't of Corr. Servs.*, 515 F. App'x 40, 42 (2d Cir. 2013). Furthermore, "[a]n opportunity to be heard before a dismissal takes effect is not required when the notice of impending dismissal is clearly communicated, in the context of a scheduling order or by other means." *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013).

Here, the five factors plainly weigh in favor of dismissal.  First, Plaintiff has shown a pattern of failing to comply with court orders and failing to attend scheduled conferences.  He failed to appear at two conferences, failed to attend his virtual deposition, and failed to provide the Court or opposing counsel with his new contact information upon release from OCCF, despite being ordered to do so. *See Bey v. Gursky*, No. 17-CV-6447 (LDH)(LB), 2018 WL 1611665, at \*2 (E.D.N.Y. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 1611377 (E.D.N.Y. Apr. 3, 2018)[2] (*Pro se* plaintiffs had failed to appear at one Court-ordered conference, failed to contact the Court or counsel to request an adjournment, and failed to furnish the Court with their contact information.  The Court remarked that "[t]his makes it impossible to proceed in this action.").

Second, Plaintiff had notice that failing to appear for conferences scheduled by the Court may result in dismissal of his case.  Specifically, in adjourning the October 13 Telephone Conference at which Plaintiff failed to appear, the Court advised in its Order that Plaintiff's failure to appear at the November 17 Telephone Conference "may result in sanctions, including dismissal of his case for failure to prosecute." (Docket No. 99).  Despite this warning, Plaintiff failed to appear at the November Telephone Conference.  To the extent Plaintiff did not receive actual notice of this Court's October 13, 2021 Order, the Court notes that at the September 8, 2021 conference, at which Plaintiff was present, Plaintiff was explicitly directed to advise the Court and opposing counsel of his new address upon release from OCCF, which Plaintiff never did. "Thus if …petitioner did not receive actual notice of the Court's orders… by mail, …

---

[2] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendant's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the *pro se* litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

responsibility for that miscommunication lies with him." *Ottey v. Dep't of Homeland Sec.*, No. 19-CV-07503(LTS)(KNF), 2021 WL 5087923, at *3 (S.D.N.Y. Nov. 2, 2021) (internal citations omitted). As such, Plaintiff has had fair notice that his conduct could lead to dismissal, and, because that notice has been clearly communicated, the Court is not required to give Plaintiff any further opportunities to be heard. *See Mitchell*, 708 F.3d at 468.

Third, the Court finds that Defendants are likely to be prejudiced by further delay in the proceedings. Defendants appeared at two conferences at which Plaintiff failed to appear, and expended time and resources waiting for Plaintiff. At this point, the Court and opposing counsel have not heard from Plaintiff in any manner in over four months, and Defendants are unable to depose him despite being ready and willing to do so. "Defendants should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." *Antonios A. Alevizopoulos and Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-CIV-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (finding prejudice to Defendants where they were unable to depose Plaintiff and thus lacked information to defend the lawsuit). It is simply unfair and prejudicial to Defendants to require them to continue dedicating resources to a case that remains suspended indefinitely.

Fourth, although Plaintiff's case does not "strain [the Court's] docket in any unusual way," *Baptiste*, 768 F.3d at 218, Plaintiff's interest in receiving a fair chance to be heard has been honored. Despite Plaintiff's failure to appear at the October Telephone Conference or update the Court as to his address, the Court adjourned that conference to November to give Plaintiff time to resurface and contact the Court. However, the Court cannot do so indefinitely. "The efficient administration of judicial affairs-a consideration vital to the Court's ability to provide meaningful access to other litigants-depends on the Court's overseeing its docket and

guaranteeing that its cases progress with appropriate speed." *Alevizopoulos*, 2000 WL 1677984, at *3. The inefficient use of the Court's resources and the inconvenience and expense to Defendants' counsel from Plaintiff's failure to appear at two conferences and failure to update his contact information cannot be ignored.

Fifth, no lesser sanction would be adequate or appropriate.  The Court has no means of contacting Plaintiff unless and until he contacts the Court and supplies his new mailing address and phone number.  Continuing to issue orders that Plaintiff cannot receive by mail is an unproductive use of Court resources.  "Because Plaintiff has abandoned his opportunity to pursue his claims and has halted communications with the Court, lesser sanctions would be ineffective." *Ottey*, 2021 WL 5087923, at *3.  Put simply, Plaintiff continues to disregard his opportunities to be heard.  Under these circumstances, dismissal is appropriate.

Finally, understanding that the sanction of dismissal is extreme and should not be entered into lightly in *pro se* cases, and considering the "special consideration" owed to *pro se* litigants, *Hunter*, 515 F. App'x at 44, the Court dismisses Plaintiff's claims without prejudice.

## III.  CONCLUSION

Accordingly, the Court grants Defendants' motions to dismiss this action for failure to prosecute under Rule 41(b).  Plaintiff's claims are hereby dismissed without prejudice.  The Clerk is respectfully requested to terminate the pending motions (Docket Nos. 102, 105) and close the case.

The Clerk is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff.

Dated:   January 18, 2022
         White Plains, New York

                                        **SO ORDERED:**


                                        JUDITH C. McCARTHY
                                        United States Magistrate Judge